FETTIG, ET AL. *v.* HEINZ MFG. CO., INC., ET AL.

[No. 969A165. Filed June 16, 1971.]

*Alan H. Lobley, Ice Miller Donadio & Ryan,* of counsel, of Indianapolis, for appellants.

*David Peters, Jack R. Notestine, Peters & Peebles,* of counsel, of Fort Wayne, for appellees.

WHITE, J.—The question before us in this appeal is whether the trial court erred in holding that appellants, minority shareholders of appellee corporation (Heinz), were not entitled to force the corporation to purchase their shares when the corporation sold substantially all its fixed assets. The trial court's holding is based on its finding that the sale was not for the purpose of changing the nature of the business.

"The Indiana General Corporation Act"[1] prescribes the procedure which a corporation must follow to sell "substantially all its fixed assets *for the purpose of* terminating and winding up, or *changing the nature of its business*" and makes such a sale a "Special Corporate Transaction."[2] It provides

---

1. This is the official short title of Ind. Acts 1929, Ch. 215, as designated by section 1 thereof. That act, as since amended, was repealed and reenacted in 1971 as Title 23, Article 1, Chapters 1-12 of the Indiana Code of 1971, cited as IC 1971, 23-1-1-1 to 23-1-12-6. It is also found in Ind. Ann. Stat. §§ 25-101 *et seq.* (Burns 1970).

2. The term also includes "lease, exchange, mortgage, pledge, or otherwise dispose of." IC 1971, 23-1-6-1, Ind. Ann. Stat. § 25-237 (Burns 1970).

that "[w]henever any corporation undertakes . . . a special corporate transaction any shareholder who did not vote in favor of . . . [it] may . . . object thereto in writing and demand payment of the value of his shares. . . ."[3] If the value is not agreed upon the objecting shareholder may petition a circuit or superior court to appraise the stock pursuant to the procedures provided in the eminent domain statutes.[4] The trial court held a hearing to determine whether appellants were entitled to an appraisal and denied relief after stating, as a Conclusion of Law, that "[t]he sale of the real estate . . . was not a special corporate transaction as defined in Ind. Ann. Stat. Section 25-237 (Burns Repl. 1960)."

Appellants and appellees are in tacit agreement that the foregoing conclusion and the judgment for appellees is proper if, in fact, the sale was not for the purpose of changing the nature of the business. Appellants contend the trial judge reached that conclusion through what they call a misconception of the law: "[T]hat whether the sale was for the purpose of changing the nature of the corporation's business was to be determined solely by whether or not the new business of the corporation was within the corporate purposes as set forth in the Articles of Incorporation." They contend that the trial judge should have employed the criterion: "[T]hat whether the sale was for the purpose of changing the nature of the corporation's business was controlled by what in fact happened."

The following findings, not challenged by appellants, suggest the trial court did exactly that:

"3. Heinz had been engaged in the manufacture of wire stove racks and wire display racks. In 1960 and 1961, the machinery, equipment and good will for the manufacture of these items were sold to two other companies. These sales left Heinz with cash and, as its fixed assets, the real estate and building upon which it had maintained

3. IC 1971, 23-1-6-5, Ind. Ann. Stat. § 25-240 (Burns 1960).
4. IC 1971, 32-11-1-1 *et seq.*, Ind. Ann. Stat. §§ 3-1701 *et seq.* (Burns 1968).

its manufacturing operations along with a lake cottage near Warsaw, Indiana. Heinz itself was out of the manufacturing business. In 1964, the defendant corporation sold its interest in a golf cart distributorship acquired in the year 1961. Then on March 8 of 1965, Heinz amended its corporate powers to broaden them to the extent allowed by the Indiana General Corporation Act. Thereafter, Heinz went into several business lines of either a wholesale distributorship nature or, in one instance, as a manufacturer of fiber glass trailers through a wholly owned subsidiary, Glass Fibre Products, Inc. In addition, Heinz was also briefly in the business of providing a bookkeeping service. During this period Heinz leased out the space in its manufacturing building which it was not using itself. "4. By the end of the fiscal year ending February 28, 1966, the principal income of Heinz was from rental of space in its manufacturing building. It also had income from a fertilizer sales business being operated from the building."

We believe it to be a fair inference from "what in fact happened," as set forth in the foregoing findings, that the change in the nature of the corporation's business occurred in 1960 at the time its machinery, etc., were sold and its manufacturing business was discontinued and not in 1966 when it sold the real estate. By that time it had already become a diversified business and apparently continues so to be. The amendment of its articles of incorporation is only incidental to the change in the nature of the business as it was actually being carried on. The mere fact that its principal source of income in the fiscal year ending eight months prior to the sale was from rental of space in the building sold does not mandate the inference that the sale was for the purpose of changing the nature of the business.

While other inferences may, or may not, be equally valid, the trial court's finding of ultimate fact[5] that "[t]he afore-

5. Appellants contend that the finding that the sale was not for the purpose of changing the nature of the business is not a finding of fact; that it is, instead, a conclusion of law which should be ignored as surplusage because it is included in the findings of fact. If we heed that suggestion and ignore the finding, the result is not affected. The other facts found still sustain the conclusion of law that the sale was not a special corporate transaction.

said sale of substantially all of the fixed assets of Heinz was not made, however, for the purpose of changing the nature of the business in which Heinz was engaging" is fully sustained by the other facts found.

The judgment of the trial court is

Affirmed.

Hoffman, C.J., and Staton, J., concur.

Sharp, J., not participating.

NOTE.—Reported in 270 N. E. 2d 335.